IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-WM-230-MEH

PENNI I. NEIBERGER, *et. al.*,

      Plaintiffs,

v.

FEDEX GROUND PACKAGE SYSTEM, INC., *et. al.*,

      Defendants.

---

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

---

Miller, J.

      This matter is before me on three motions for summary judgment filed by

Defendants Dennis Conley (Conley), Kevin Killman (Killman), and FedEx Ground

Package System, Inc. (FedEx) on December 1, 2005.  For the reasons that follow, one

motion will granted and the others denied.

<u>Background</u>

      This action arises out of a motor vehicle accident involving a step van truck,

driven by Killman, and a pickup truck, occupied by Plaintiffs Penni and John Neiberger

(the Neibergers).  The Neibergers allege that they were seriously injured because

Killman suddenly and negligently pulled into their lane as they were attempting to pass

him on a two-lane highway.  As a result, the Neibergers bring claims not only against

Killman, but also against Conley, the owner of the step van truck, and FedEx, because

Killman delivered packages for FedEx.

<u>Standard of Review</u>

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)).  Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case."  *Id.*

<u>Discussion</u>

The first motion for summary judgment (Docket No. 23), brought by all of the defendants, asks for summary judgment on John Neiberger's bodily injury claim.  Since this motion is expressly conceded by the Neibergers, the motion will be granted.

In the second motion for summary judgment (Docket No. 27), FedEx argues that it cannot be held liable for Killman's alleged negligence because Killman is not its employee or agent.  Rather, FedEx argues that it merely had an independent contractor relationship with Conley, who in turn had an independent contractor relationship with Killman.  *Compare Grease Monkey Int'l, Inc. v. Montoya*, 904 P.2d 468, 473 (Colo.

2

1995) ("Under the doctrine of respondeat superior, 'a master is liable for the

unauthorized torts of his [employee] if committed while the [employee] is acting within

the scope of his employment.'") (quoting Harold Gill Reuschlein & William A. Gregory,

*The Law of Agency and Relationship* § 7(E) (2d ed. 1990) (alterations added)) *with W.*

*Stock Ctr., Inc. v. Sevit, Inc.*, 578 P.2d 1045, 1049 (Colo. 1978) ("The general rule is

that one who employs an independent contractor is not liable for torts committed by the

independent contractor or its servants.").  After considering the parties' summary

judgment evidence, I conclude that a reasonable jury could find that Killman was a

FedEx employee.  Therefore, summary judgment is not appropriate.

Under Colorado law,[1] whether an agent is an employee or an independent

contractor is generally an issue of fact for the jury to decide.  *See e.g.*, *Donley v. State*,

817 P.2d 629, 632 (Colo. Ct. App. 1991).  Many factors are helpful in making this

distinction, *Norton v. Gilman*, 949 P.2d 565, 567 (Colo. 1997) (approving of the factors

listed in Restatement (Second) of Agency § 220(2) (1958)),[2] the most important being

---

[1] The parties agree that Colorado law controls this case, and my goal is to reach the same result that a Colorado court would reach, *Ben Kennedy & Assocs., Inc. v. St. Paul Ins. Co.*, 40 F.3d 318, 319 (10th Cir. 1994).  In pursuit of this goal, I first look to "the most recent statement of state law by the Colorado Supreme Court," *Clark v. State Farm Mut. Ins. Co.*, 433 F.3d 703, 710 (10th Cir. 2005).  And, where the Colorado Supreme Court has not spoken directly upon an issue, I will follow Colorado Court of Appeals rulings "'unless [I am] convinced by other persuasive data that the highest court of the state would decide otherwise.'" *Hicks v. Feiock*, 485 U.S. 624, 630 n.3 (1988) (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)) (alteration added).

[2] This subsection provides in whole:

(2) In determining whether one acting for another is a servant or an independent contractor, the following matters of fact, among others, are

the "right to control the details of performance."  *Norton*, 949 P.2d at 567.

In this case, there is significant evidence from which a jury could conclude that Killman is a FedEx employee.  It is undisputed that Killman wears a FedEx uniform, drives a truck with clear FedEx markings, and delivers only FedEx packages.  FedEx loads the truck and provides Killman with the destinations of the packages.  And following the accident, Killman presented the Neibergers with a FedEx "accident packet" because such a procedure was required by FedEx.  Moreover, Killman tells others that "I drive for FedEx delivering their packages," and has never told anyone that he is an independent contractor.  Considered as a whole, this evidence may not dictate a finding that Killman is a FedEx employee, but it is certainly sufficient to support such

---

considered:
> (a) the extent of control which, by the agreement, the master may exercise over the details of the work;
> (b) whether or not the one employed is engaged in a distinct occupation or business;
> (c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
> (d) the skill required in the particular occupation;
> (e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
> (f) the length of time for which the person is employed;
> (g) the method of payment, whether by the time or by the job;
> (h) whether or not the work is a part of the regular business of the employer;
> (i) whether or not the parties believe they are creating the relation of master and servant; and
> (j) whether the principal is or is not in business.

Restatement (Second) of Agency § 220(2) (1958).

a finding.  Therefore, FedEx's motion for summary judgment will be denied.

Similarly, the third summary judgment motion, brought by Conley (Docket No. 25), will also be denied because evidence and assertions from Conley himself indicate that Killman worked for Conley in some fashion, and are sufficient to support a finding that Killman was Conley's employee.  Conley presents evidence that he was an independent contractor for FedEx, that he owned the truck driven by Killman, and that he owned the FedEx route that Killman worked on.  In addition, Conley's evidence indicates that Killman's contract was with him, not with FedEx, and that it was Conley who paid Killman for his work.  This evidence, when combined with the evidence discussed above, would allow a reasonable jury to find that Killman is Conley's employee.  Summary judgment is therefore not appropriate.[3]

Accordingly, it is ordered:

---

[3] I note that, in response to both FedEx and Conley's summary judgment motions, the Neibergers also argue that the doctrine of apparent agency makes these defendants liable, even if they are not employees.  I disagree.  Colorado courts do not distinguish between apparent agency and agency by estoppel.  *See Daly v. Aspen Ctr. for Women's Health*, 134 P.3d 450, 455 (Colo. Ct. App. 2005) ("Agency by estoppel and vicarious liability by estoppel are synonymous."); *Rush Creek Solutions, Inc., v. Ute Mountain Ute Tribe*, 107 P.3d 402, 407 (Colo. Ct. App. 2004) ("Apparent authority, also referred to as agency by estoppel . . . .").   And, it is clear that agency by estoppel requires a showing of reliance.  *See Franks v. City of Aurora*, 362 P.2d 561, 564 (Colo. 1961) ("It follows, therefore, that one basing his claim upon the rules of estoppel must show not merely reliance, which is required when the claim is based upon apparent authority, but also such a change of position that it would be unjust for the speaker to deny the truth of his words.") (quoting Restatement (Second) of Agency § 8 cmt. d (1958)); *Daly*, 134 P.2d at 455 (holding that hospital was not liable for doctor's negligence under apparent agency theory because plaintiff did not rely upon apparent agency when selecting doctor).  In this case, there is no evidence that the Neibergers reliance upon any apparent agency had anything to do with causing the accident.

5

1.      Defendants motion for partial summary judgment, filed December 1, 2005

        (Docket No. 23), is granted.

2.      Plaintiff John Neiberger's bodily injury claim is dismissed.

3.      Defendant FedEx Ground Package System, Inc.'s motion for summary judgment,

        filed December 1, 2005 (Docket No. 25), is denied.

4.      Defendant Dennis Conley's motion for summary judgment, filed December 1,

        2005 (Docket No. 25), is denied.

5.      This case remains pending against all defendants for both of Penni Neiberger's

        claims and for John Neiberger's claim for loss of consortium.

        DATED at Denver, Colorado, on August 25, 2006.

                                                        BY THE COURT:


                                                        s/ Walker D. Miller
                                                        United States District Judge