IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   04-cv-00230-WDM-MEH

PENNI L. NEIBERGER and
JOHN E. NEIBERGER,

      Plaintiffs,

v.

FEDEX GROUND PACKAGE SYSTEM, INC.,
KEVIN T. KILLMAN, and
DENNIS CONLEY,

      Defendants.

## ORDER ON MOTION FOR NEW TRIAL

Miller, J.

This matter is before me on Plaintiffs' Motion for a New Trial (doc no 136). Defendants oppose the motion. After review of the parties' arguments and authorities, I conclude that oral argument is not required. For the reasons that follow, the motion will be denied.

After a jury trial, judgment was entered against Plaintiffs on all claims arising out of an automobile collision. The jury's verdict was based on its finding that Plaintiff Penni Neiberger did not suffer the claimed damages or injuries from the accident. Plaintiffs seek a new trial pursuant to Fed. R. Civ. P. 59(a) based on several alleged pretrial and evidentiary errors:

1. <u>Exclusion of expert testimony</u>

Plaintiffs sought to introduce testimony of two separate accident reconstruction investigators. I concluded that only one witness would be permitted to testify as the evidence would be cumulative. Plaintiffs argue that this ruling was in error but provide no explanation of how this prejudiced them at trial. As noted by Defendants, since the jury's verdict was based on its determination that Plaintiffs did not sustain injuries or damages from the accident, there was no prejudice. The proffered expert would have testified on issues relating to negligence, which the jury did not even reach in its verdict. Accordingly, this alleged error is not grounds for a new trial.

2. <u>Exclusion of rebuttal expert</u>

Plaintiffs' next assertion of error is the exclusion of the proposed expert testimony by Jeff Watson, an accident reconstructionist. Plaintiffs attempted to introduce Mr. Watson's testimony in rebuttal to Defendants' expert witness, again relating to issues concerning negligence and comparative negligence of the drivers involved in the accident. I excluded this testimony on several grounds, including that Mr. Watson was not qualified and because his rebuttal testimony had not been properly disclosed pursuant to Fed. R. Civ. P. 26(a)(2). Again, Plaintiffs provide no analysis of how they were prejudiced by this exclusion and I find none, since Mr. Watson's proposed testimony would not have affected the jury's verdict. I conclude that my ruling regarding Mr. Watson was not in error and does not justify a new trial.

3. <u>Medical Expenses</u>

Plaintiffs contend that they should have been able to claim their medical expenses at trial. Plaintiffs, however, simply failed to present competent evidence of those damages,

relying only on the unsubstantiated testimony of Plaintiff Penni Neiberger.  Plaintiffs argue that the testimony of two treating physicians, who opined that all treatment received by Plaintiffs was reasonable and necessary, in combination with Plaintiff Penni Neiberger's estimate of the total amount of medical expenses incurred, was sufficient to submit the issue to the jury.  However, without documentation or a breakdown the treatment and costs, the jury could not reasonably determine what expenses were reasonable, necessary, and caused by the accident.  I discern no error.

    4.    <u>Failure to exclude expert testimony</u>

Plaintiffs object to my denial of their motion in limine seeking to exclude the expert testimony of Dr. Peter Weingarten, who opined regarding the failure of Plaintiff Penni Neiberger's vertebrate fusion surgery.  Plaintiffs appear to argue that I erred because I denied their motion on the grounds of untimeliness and also that I erred in my *Daubert* and FRE 702 analysis because Dr. Weingarten did not adequately disclose or provide the basis of his opinions.  I disagree.

Plaintiffs sought exclusion of Dr. Weingarten on two grounds: (1) as a sanction pursuant to Fed. R. Civ. P. 37 for inadequate disclosure; and (2) lack of reliability under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-93 (1993).  As to the first issue, Plaintiffs have not shown that it was improper for me apply the four factors for determining a sanction in these circumstances from *Woodworker's Supply, Inc. v. Principal Mut. Life Ins.,* 170 F.3d 985, 993 (10th Cir. 1999), or that my analysis was incorrect.  In addition, I did not deny their motion on the grounds that it was untimely, although a motion under *Daubert* generally needs to be filed sufficiently in advance of trial that a hearing can be set for resolution of the matter.

As to the reliability of Dr. Weingarten's opinion, Plaintiffs only reargue the issues they presented in their original motion in limine. Dr. Weingarten offered three main opinions: (1) smoking greatly increases the chances of non-unions; (2) the accident did not cause Mrs. Neiberger's non-unions; and (3) smoking is the probable cause of Mrs. Neiberger's non-unions. I remain satisfied that the first opinion is reliable, as this appears to be generally accepted in the medical field and even the expert retained by Plaintiffs concurred with this proposition at trial. Dr. Weingarten's second opinion, that the accident did not cause the non-unions, was also sufficiently reliable to be admissible. Specifically, Dr. Weingarten explained that his review of Mrs. Neiberger's x-rays revealed no displacement of her spinal hardware, which, based on his knowledge and experience, he would have expected if the accident had caused the problem. The third opinion is a reasonable conclusion from the first two. Plaintiffs' conclusory assertions that somehow different tests, data, or evidence were required are unsupported and do not demonstrate error.

Accordingly, it is ordered:

1. Plaintiff's Motion for New Trial (doc no 136) is denied.

DATED at Denver, Colorado, on October 30, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge