IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 04-cv-00230-WDM-MEH

PENNI L. NEIBERGER and
JOHN E. NEIBERGER,

    Plaintiffs,

v.

FEDEX GROUND PACKAGE SYSTEM, INC.,
KEVIN T. KILLMAN, and
DENNIS CONLEY,

    Defendants.

## ORDER ON MOTION FOR REVIEW OF TAXATION OF COSTS

Miller, J.

This matter is before me on Defendants' Motion for Review of Taxation of Costs (doc no 142), requesting the taxation of certain costs excluded by the Clerk of the Court upon review of Defendants' Bill of Costs. Defendants were awarded their costs as the prevailing party in this case. Defendants sought $60,051.64 pursuant to their Bill of Costs, which included numerous expenses not taxable as "costs" under 28 U.S.C. § 1920. After a hearing, the Clerk taxed $2836.57 of the claimed amounts as costs. Plaintiffs oppose any revision. For the reasons that follow, the motion will be granted in part.

As noted by the parties, the taxing of costs is within my discretion and is guided by whether the costs are for materials necessarily obtained for use in the case. *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002).

1.  <u>Statutory Witness Fees</u>

Defendants requested $1,045.77 to be taxed as costs for statutory witness fees pursuant to 28 U.S.C. § 1821 for thirteen witnesses. The Clerk taxed fees for five witnesses, and Defendants seeks fees for the remaining eight witnesses, whose depositions were taken by Defendants. I agree with Defendants in part.

In addition to the statutory witness fees already taxed by the Clerk, an additional $40 shall be taxed for the statutory witness fee, pursuant to 28 U.S.C. § 1821, for the deposition of William Sanders. The Clerk awarded the cost of the court reporter for the deposition of Mr. Sanders, thus apparently concluding that the deposition of Mr. Sanders was necessarily obtained for use in the case. Accordingly, the witness fee paid by Defendants to Mr. Sanders should be taxed as a cost.

I will deny Defendants' motion with respect to the remaining witnesses. The Clerk concluded that the depositions of these witnesses were not necessarily obtained for use in the case and I agree. Defendants contend that "[t]hese witnesses' depositions had to be taken to ascertain the nature and scope of their testimony in the event that they were called at trial." Motion for Review of Costs at 3. This is a description of a discovery deposition, which is not a taxable cost. *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir.1998) (depositions taken merely for discovery are not taxable as costs). Two of the witnesses, Campbell and Watson, did not testify at trial and Defendants have not carried their burden to show the need for these depositions. The remaining witnesses, Odom, Shriver, Sink, and Roney, were expert witnesses who testified for the Plaintiffs. Other than noting that these witnesses provided testimony and some

unspecified portion of the deposition was used as impeachment, Defendants have not shown that the depositions of these witnesses were necessarily obtained for the case, particularly in light of the extensive expert witness disclosure requirements of Rule 26.

Finally, Defendants request statutory witness fees and travel costs for Kevin Killman. Mr. Killman was a party to this case and is not entitled to such fees. *See E.E.O.C. v. Bd. Of Regents Of University Of Wisconsin System,* 288 F.3d 296, 305 (7th Cir. 2002).

2*.*    Fees for Exemplification and Copies

Defendants submitted an itemized list of copies made in the course of the case. The Clerk taxed Defendants' costs for copies of medical records for the two Plaintiffs, but at a heavy discount. Upon review of the invoices for these copies, I agree that Defendants are entitled to the full cost of the amounts paid to obtain copies of these records. The copying costs were charged directly by the medical providers and actually paid by Defendants. In addition, I agree that obtaining copies of Plaintiffs' medical records was necessary for use in the case. Accordingly, the full cost of obtaining Plaintiffs' medical records should be taxed. This amounts to an additional $711.07 ($808.03 total, less $96.96 already taxed by the Clerk).

Defendants have not carried their burden with respect to the remaining amounts incurred as copying costs, particularly the large item described as "Internal photocopying charges." Defendants have provided no particularity or support for their assertion that these copying costs were necessarily incurred for use in the case, as opposed to incurred for simple discovery or the convenience of Defendants' attorneys.

3

3. Docket fees under 28 U.S.C. § 1923

Defendants sought $20 for attorney docket fees under 28 U.S.C. § 1923, as well as $22.50 for the admission of several depositions. The Clerk taxed $12.50 for the admission of five depositions. I will also tax an additional $20.00 for the statutory docket fee.

4. Costs Incident to Taking Depositions

Defendants requested as costs certain expert witness deposition fees and court reporter charges for all witnesses whose depositions were taken by Defendants. Defendants withdrew their request for expert witness fees and now seek only deposition reporting and transcription costs. The Clerk taxed as costs a portion of the court reporter charges for the depositions of the Plaintiffs, Victor Lopez, Jeff Watson, Gary Crews, William Sanders, and Peter Weingarten. With the exception of Dr. Weingarten, the Clerk taxed only a portion of the court reporter costs incurred for these depositions. I agree with Defendants that the full amount of the court reporter charges should be taxed for the depositions of the Plaintiffs. However, since it appears that only a portion of the depositions of the other witnesses were used, and Defendants have provided no particular details about why the whole cost of these depositions should be taxed, I decline to otherwise modify the Clerk's calculations. Accordingly, the remainder of the court reporter charges for the Plaintiffs' depositions shall be taxed in the amount of $794.75 ($1222.75 total less $428 already taxed).

As discussed above, I am not persuaded that the remaining depositions were necessarily obtained for use in the case, as they are of expert witnesses or parties in the case. The remainder of Defendants' motion is therefore denied.

4

Accordingly, it is ordered:

1. Defendants' Motion for Review of Taxation of Costs (doc no 142) is granted in part and denied in part.

2. The taxation of costs is modified as follows:

    a. Fees for witnesses: $40 is to be added to the $173.35 taxed by the Clerk, for a total of $213.35.

    b. Fees for exemplification and copies: $711.07 is to be added to the $173.12 taxed by the Clerk for a total of $884.19.

    c. Docket fees under 28 U.S.C. § 1923: $20 is to be added to the $12.50 taxed by the Clerk for a total of $32.50.

    d. Costs incident to taking depositions: $794.75 is to be added to the $2,408.50 taxed by the Clerk for a total of $3203.25.

3. The motion is otherwise denied.

4. The revised total of taxable costs is $4402.39.

DATED at Denver, Colorado, on March 28, 2008.

                                BY THE COURT:

                                s/ Walker D. Miller
                                United States District Judge